NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

KATIE SANDBURG,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-4698

D.C. No.
5:23-cv-00554-KK-JPR

MEMORANDUM*

---

Appeal from the United States District Court
for the Central District of California
Kenly Kiya Kato, District Judge, Presiding

Argued and Submitted May 19, 2025
Pasadena, California

Before: WARDLAW and JOHNSTONE, Circuit Judges, and RASH, District
Judge.**

Katie Sandburg appeals a district court order affirming the denial by an

Administrative Law Judge ("ALJ") of her application for disability insurance

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Scott H. Rash, United States District Judge for the
District of Arizona, sitting by designation.

benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 423 and § 1382. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order affirming the ALJ's denial of social security benefits de novo. *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). We may reverse the ALJ's denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). Substantial evidence "means more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

1.     The ALJ properly discounted Sandburg's subjective symptom testimony. An ALJ must provide "specific, clear, and convincing reasons" for discrediting a claimant's statements about the severity of her symptoms. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). Here, the ALJ properly considered the objective medical evidence. Sandburg points to evidence in the medical record that tends to support her testimony. But "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Id.* at 499 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)). And "[i]f the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020)

24-4698

(quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). The ALJ then explained that Sandburg's testimony conflicted with the objective medical evidence. An ALJ is not required to provide a "line-by-line exegesis" of the claimant's testimony. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The ALJ therefore sufficiently "show[ed] [her] work," *Smartt*, 53 F.4th at 499, and "did not arbitrarily discredit [Sandburg's] testimony regarding pain," *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc) (quotation marks omitted).

2.      The ALJ properly considered Sandburg's range of daily activities. An ALJ may rely on daily activities to discount a claimant's symptom testimony when (1) the activities contradict the claimant's testimony; and/or (2) the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). "Even if the claimant experiences some difficulty or pain, her daily activities may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Smartt*, 53 F.4th at 499 (quotation marks omitted). The ALJ explained that Sandburg's daily activities contradicted her symptom testimony. The ALJ then provided "specific, clear and convincing reasons" that are supported by substantial evidence for rejecting Sandburg's symptom testimony based on her daily activities. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

**AFFIRMED.**